1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

UNITED STATES OF AMERICA,

10                    Plaintiff,                    Case No.  19-cr-00217-RS-1

11

v.

12                                                  **ORDER GRANTING IN PART AND**
                                                    **DENYING IN PART MOTION TO**
BRYAN PETER ROSENTHAL,                              **COMPEL**
13
                      Defendant.
14

15

16          Defendant Brian Rosenthal motions for an order directing the government to produce

17   personnel file materials pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and

18   for entry of a protective order that does not prohibit defense counsel from consulting with other

19   lawyers about the material. Dkt. 94. The government opposes the motion, stating it will provide

20   the requested material 30 days before the June 21, 2022 trial, and requests the Court enter its more

21   restrictive proposed protective order.

22          When Rosenthal initially moved for production of *Henthorn* material, this Court ordered

23   the government to fulfill its obligations under *Henthorn* at least thirty days before trial. Dkt. 64.

24   Trial was later scheduled for November 15, 2021, Dkt. 82, and on October 19, 2021, the

25   government filed a superseding indictment, adding additional charges. Dkt. 85. The trial was

26   continued to June 21, 2022. Dkt. 92, 95. During a status conference on December 13, 2021, the

27   government stated it was prepared to produce the *Henthorn* material once a protective order was in

28   place, *see* Dkt. 100, pg. 12, a position the government has since changed in its opposition to

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Rosenthal's motion.

2          Outside a court order, there is not a fixed deadline for production of materials that must be

3    disclosed. *See, e.g., United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988) ("*Brady* does

4    not necessarily require that the prosecution turn over exculpatory material before trial. To escape

5    the *Brady* sanction, disclosure must be made at a time when disclosure would be of value to the

6    accused."). Thus, this Court's prior order remains in effect: the government must produce the

7    requested material at least 30 days prior to the June 21, 2022 trial date. Should the trial be

8    continued, though, the government must still provide the requested material within 30 days prior

9    to June 21, 2022.

10         As for the protective order, Rosenthal's requested protective order is reasonable. It retains

11   the key privacy protections, such as requiring that defense counsel only discuss the contents of the

12   personnel files in relation to preparing the defense in this case, and prohibiting defense counsel

13   from disclosing any actual documents without a court order. The proposed protective order, at

14   Exhibit B to the Cohen Declaration, Dkt. 94-1, is adopted.

15

16   **IT IS SO ORDERED**.

17

18   Dated: January 7, 2022

19   _____

20   RICHARD SEEBORG
     Chief United States District Judge

21

22

23

24

25

26

27

28                                            ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
                                              CASE NO.  19-cr-00217-RS-1

2