UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19-cr-00217-RS-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION, DENYING MOTION TO DISMISS FOR VINDICTIVE PROSECUTION, AND GRANTING MOTION TO SEVER** |
| BRYAN PETER ROSENTHAL, | |
| Defendant. | |

**I. INTRODUCTION**

Defendant Bryan Peter Rosenthal is charged with attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b), receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b), and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). He brings three motions: (1) a motion for leave to file a motion for reconsideration of this Court's July 13, 2020 order denying his motion to suppress; (2) a motion to dismiss for vindictive prosecution; and (3) a motion to sever one count of the superseding indictment. The motion for leave to file a motion for reconsideration fails to meet the requirements for such a motion under Civil Local Rule 7-9, and is denied. The government's commencement of this federal prosecution and addition of two charges in the superseding indictment does not raise a presumption of vindictiveness, and thus the motion to dismiss is denied. Lastly, one of the added charges, Count One, is not properly joined to Counts Two and Three under Federal Rule of Criminal Procedure 8(a), and therefore the motion to sever is granted.

## II. BACKGROUND

On May 9, 2018, the government filed an indictment charging Rosenthal with one count, possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). On October 19, 2021, the government filed a superseding indictment, adding attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b) as Count One and receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b) as Count Two, and retained the existing possession of child pornography charge as Count Three.

## III. MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Rosenthal seeks leave to file a motion for reconsiderations of this court's July 2020 order denying his motion to suppress. Specifically, Rosenthal states that his arguments about violations of the California Electronic Communications Privacy Act ("ECPA") precluding issuance of a valid warrant were not adequately considered.

A. <u>Legal Standard</u>

A party who wishes to move for reconsideration of an interlocutory order must first seek leave to file such a motion. *See* Civ. L.R. 7-9; *see also* Crim. L.R. 2-1 (applying the Civil Local Rules to criminal cases, "except where they may be inconsistent with these criminal local rules, the Federal Rules of Criminal Procedure or provisions of law specifically applicable to criminal cases"). Under Local Rule 7-9(b)(1), the party must show that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Under Local Rule 7-9(b)(3), the party must show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

B. <u>Discussion</u>

Rosenthal seeks leave to file a motion for reconsideration under both Local Rules 7-9(b)(1) and 7-9(b)(3), but has failed to meet the requirements of either subsection. First, Rosenthal has not shown "a material difference in fact or law exists from that which was presented to the Court[.]"

*See* Civ. L.R. 7-9(b)(1). Rosenthal does not identify any case, statute, or fact he failed to bring to the Court's attention at the time of the July 2020 order that presents any material difference.[1] Second, there was no "manifest failure . . . to consider material facts or dispositive legal arguments" which were raised to the Court before the July 2020 order. The arguments raised by Rosenthal were considered and rejected in 2020. The motion for leave to file a motion for reconsideration is therefore denied.

## IV. MOTION TO DISMISS FOR VINDICTIVE PROSECUTION

Rosenthal argues that the charges against him should be dismissed. He argues that the government filed federal charges against him after he filed a motion to suppress in state court while facing state charges for the same alleged conduct giving rise to this federal prosecution. The state prosecution was dismissed after the filing of his motion, but before any ruling on the motion. Rosenthal also argues that the government filed the superseding indictment, adding Counts One and Two, in retaliation for his motion to produce evidence under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

A. Legal Standard

A district court may dismiss charges if the government filed additional charges to "penalize [the defendant] for exercising a protected statutory or constitutional right." *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). A defendant may establish prosecutorial vindictiveness through either direct evidence or a presumption of vindictiveness. *Id.* A presumption of vindictiveness applies when the defendant "make[s] an initial showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir. 1982). Such a presumption only applies if a "reasonable likelihood of vindictiveness exists." *United States v. Goodwin*, 457 U.S. 368, 373

---

[1] Rosenthal also does not attempt to show "reasonable diligence" concerning awareness of a previously-unknown authority or fact. *See* Civ. L.R. 7-9(b)(1).

1  (1982). "If there is a sufficient prima facie showing of vindictiveness, the burden shifts to the
2  prosecution to show that any increase in the severity of the charges did not stem from a vindictive
3  motive, or was justified by independent reasons or intervening circumstances that dispel the
4  appearance of vindictiveness." *Gallegos-Curiel*, 681 F.2d at 1168.

5      B.  <u>Discussion</u>

6      Rosenthal has not presented direct evidence of vindictiveness or established a presumption
7  of vindictiveness for either the commencement of the federal prosecution or the addition of Counts
8  One and Two. First, as for the commencement of a federal prosecution, "the involvement of
9  separate sovereigns tends to negate a vindictive prosecution claim." *United States v. Robison*, 644
10 F.2d 1270, 1273 (9th Cir. 1981). Rosenthal has not presented any circumstances beyond the
11 timing of the federal prosecution that suggest any vindictiveness. Rosenthal's filing of a motion in
12 state court, and any potential success on that motion, does not alone create a presumption of
13 vindictiveness. *See id.* at 1272 (concluding that no presumption of vindictiveness existed in case
14 involving federal prosecution following the defendant's "exercise of procedural rights in prior
15 cases"). Additionally, the federal government may have had permissible motivations for bringing
16 the prosecution, such as the availability of harsher penalties under federal law, *see United States v.*
17 *Nance*, 962 F.2d 860, 865 (9th Cir. 1992), and had already initiated an investigation into
18 Rosenthal before he filed his motion in state court, *see* Declaration of Assistant United States
19 Attorney Alexis James ("James Decl."), ¶ 3. In short, Rosenthal has not shown that a "reasonable
20 likelihood of vindictiveness exists[,]" *Goodwin*, 457 U.S. at 373, and thus has not established a
21 presumption of vindictiveness.

22     Second, no such presumption exists for the addition of Counts One and Two. Rosenthal
23 argues the prosecution brought those charges due to his *Henthorn* motion. "[I]n the context of
24 pretrial plea negotiations, 'vindictiveness will not be presumed simply from the fact that a more
25 severe charge followed on, or even resulted from, the defendant's exercise of a right.'" *United*
26 *States v. Kent*, 649 F.3d 906, 913 (9th Cir. 2011) (quoting *United States v. Gamez-Orduno,* 235
27 F.3d 453, 462 (9th Cir. 2000)). Rosenthal was engaged in pretrial plea negotiations with the

28

government, and the government filed additional charges when no agreement was reached. *See* James Decl., ¶¶ 4-8. Accordingly, under *Kent* and *Gamez-Orduno*, no presumption applies in this situation.

## V. MOTION TO SEVER

Rosenthal challenges the joinder of Count One, attempted enticement of a minor in violation of 18 U.S.C. § 2422(b), with Counts Two and Three, which involve alleged receipt and possession of child pornography, under Federal Rules of Criminal Procedure 8(a) and 14.

A. Legal Standard

Joinder of counts is governed in part by Rule 8(a) of the Federal Rules of Criminal Procedure. Joinder is proper if the counts "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. Pro. 8(a). "Rule 8 is to be broadly construed in favor of initial joinder." *United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1971). When assessing whether offenses are of the "same or similar character," the Ninth Circuit directs courts to consider factors such as "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims[.]" *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007). Even when joinder is proper under Rule 8(a), under Rule 14 of the Federal Rules of Criminal Procedure a "court may order separate trial of counts" if joinder "appears to prejudice a defendant or the government[.]"

"Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990). In contrast, the Rule 14 analysis is more "flexible" and is not confined to allegations in the indictment. *Jawara*, 474 F.3d at 577.

B. Discussion

Rosenthal seeks to sever Count One, attempted enticement of a minor in violation of 18 U.S.C. § 2422(b), from Counts Two and Three, which involve alleged receipt and possession of

child pornography. The government defends the joinder solely on the "same or similar character" prong of Rule 8(a). Notably, the indictment is barebones and contains few factual details about the allegations. "[T]he similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment." *Jawara*, 474 F.3d at 578. For the reasons explained below, the lack of detail in the indictment prevents concluding that Count One is of the same or similar character as Counts Two and Three.

     As a threshold matter, the Ninth Circuit in *Jawara* rejected a categorical approach used by some other circuits to assess whether offenses are of the same or similar character. In *Jarawa*, the Ninth Circuit explained the categorical approach as one that "instruct[s] district courts to eyeball the indictment for offenses of a 'like class[.]'" *Id.* at 577 (discussing *United States v. Coleman*, 22 F.3d 126 (7th Cir. 1994)). The Ninth Circuit instead uses a holistic multi-factor approach, which demands more than "general thematic commonality" and instead looks at factors such as the offense elements, temporal proximity, evidentiary overlap, physical location of acts, modus operandi, and victim identities *Id.* at 578-79.

     The government cites to a variety of out-of-circuit cases which have concluded that different offenses involving the sexual exploitation of a minor are of the "same or similar character." *See United States v. Reynolds*, 720 F.3d 665, 670 (8th Cir. 2013); *United States v. Rivera*, 546 F.3d 245, 253-54 (2d Cir. 2008); *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002). None of these cases use a multifactor approach to assess whether offenses are of the "same or similar character." Indeed, each of these cases provides relatively little analysis, and instead notes the general similarity between offenses involving exploitation of a child. *See, e.g. Reynolds*, 720 F.3d at 670 (concluding that the counts were properly joined because "they show Reynolds' predisposition to abnormal sexual attraction"). The Second Circuit in *Rivera* applied a standard in direct conflict with the *Jawara* standard, explaining that "'[s]imilar' charges include those that are "somewhat alike," or those "having a general likeness" to each other. 546 F.3d at 253 (quoting *United States v. Werner,* 620 F.2d 922, 926 (2d Cir. 1980)). Further, the Eleventh Circuit in *Hersh* cited to *United States v. Coleman*, the Seventh Circuit case employing the

categorical approach, when reciting the applicable standard. 297 F.3d at 1241. The Ninth Circuit explicitly rejected *Coleman*'s approach in *Jawara*. 474 F.3d at 577-78 (explaining that the Seventh Circuit's approach in *Coleman* "is too limiting" and does not comport with Ninth Circuit caselaw). Thus, the out-of-circuit cases provided by the government are of little utility, as they employ a different standard than the one employed by the Ninth Circuit, which demands more than a general similarity in the offense type. *See United States v. Mujahid*, No. 309CR00053TMBDMS, 2011 WL 13250608, at *7 (D. Alaska June 17, 2011) ("While the charges have a similar theme of sexual exploitation of a child, under *Jawara*, such a thematic connection alone is not enough to justify joinder under Rule 8(a).").

Applying the factors laid out in *Jawara*, the indictment does not establish that Count One is of the same or similar character as Counts Two and Three. First, as to the elements of the offenses, there is some overlap. Attempted coercion of a minor under 18 U.S.C. § 2422(b) outlaws an attempt to "persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense" by "using the mail or any facility or means of interstate or foreign commerce[.]" Possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b) similarly have an interstate or foreign commerce element, and the images must depict a minor. However, there are also key differences in the elements, as attempted coercion of a minor involves direct contact with a minor. The second factor, temporal proximity, also provides some support for the government, as the indictment avers the relevant conduct occurred in September 2018.

The barebones nature of the indictment means the rest of the *Jawara* factors, "the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims," 474 F.3d at 578, are not satisfied. The government explains that the counts have some evidentiary overlap, namely that evidence for all counts was found on the cellphone collected from the defendant at the time of his arrest, and the evidence from the phone was analyzed by the same law enforcement witnesses. None of these details,

however, are present in the indictment. Similarly, the indictment contains no information about the physical location of the acts and no indication of a modus operandi. The Superseding Indictment states that "Minor J." was the victim in Count One, but provides no victim information in Counts Two or Three, nor any indication that "Minor J." was connected to either of those offenses.

The similarities, based on the face of the indictment, between Count One and Counts Two and Three are that the offenses all involved sexual exploitation of a minor that occurred in September 2018. When weighing all the *Jawara* factors together, these similarities are insufficient to support joinder under Rule 8(a). "[W]here the government seeks joinder of counts on the basis of 'same or similar character,' it crafts a barebones indictment at its own risk." *Jawara*, 474 F.3d at 578. Here, the barebones indictment does not provide a basis to conclude that Count One is of the same or similar character as Counts Two and Three. The government may have been able to show the counts were of the same or similar character had they included more detail in the indictment. Their failure to do so, though, prevents joinder of Count One with Counts Two and Three.[2]

## VI. CONCLUSION

For all the foregoing reasons, the motion for leave to file a motion for reconsideration and the motion to dismiss for vindictive prosecution are denied. The motion to sever Count One from Counts Two and Three is granted.

---

[2] Although severance is required under Rule 8(a), if joinder were proper, severance would not be required under Rule 14. To justify severance under Rule 14, a defendant must show "manifest prejudice" such that "the defendant's right to a fair trial was abridged." *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986). Rosenthal argues that trying the enticement count with the child pornography counts "would cause extreme prejudice by hindering jurors' ability to objectively assess the photos in Counts Two and Three and determine whether they fit the definition of child pornography[,]" Motion to Sever at pg. 8, as he plans to mount a technical defense to the child pornography counts. "The inevitable consequence of any joint trial is that the jury will become aware of evidence of one crime while considering a defendant's guilt or innocence of another crime[,]" but such awareness does not mean a district court abuses its discretion when declining to sever counts. *United States v. Decoud*, 456 F.3d 996, 1009 (9th Cir. 2006). Here, jury instructions informing jurors that they must consider each count separately would be sufficient to address any prejudice.

**IT IS SO ORDERED**.

Dated: April 6, 2022

_____
RICHARD SEEBORG
Chief United States District Judge