UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN PETER ROSENTHAL,<br><br>Defendant. | Case No. 19-cr-00217-RS-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH AND REQUIRING** *IN CAMERA* **REVIEW** |

The San Francisco Police Department (SFPD) moved to quash or modify Defendant Bryan Rosenthal's Rule 17(c) subpoena for personnel records and/or complaint records on the grounds that (1) the subpoena requests irrelevant and inadmissible records and (2) the subpoena is overbroad. The parties agree the subpoena should be quashed to the extent it requests records not in the SFPD's possession, and the motion to quash is granted as to those records. The motion to quash is denied as to the three records beginning with "MCD" the SFPD represents it possesses, but the parties' request for *in camera* review of these three records is granted.

**I. DISCUSSION**

Document production pursuant to a Rule 17(c) subpoena is appropriate where the requested documents are evidentiary and relevant, not otherwise procurable, necessary for trial preparation, and the application is made in good faith and not as a general fishing expedition. *See United States v. Nixon*, 418 U.S. 683, 699–700 (1974). The proponent of the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* at 700. "Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of

trial." *Id.* at 701. General Order No. 69 provides a limited exception to this bar on subpoenaing material for impeachment purposes in the context of personnel records for state law enforcement officers. *See United States v. Johnson*, No. 14-cr-412, 2014 WL 6068089, at *8 (N.D. Cal. Nov. 13, 2014). Where compliance with a subpoena would be "unreasonable or oppressive," a court may quash or modify the subpoena. Fed. R. Civ. P. 17(c)(2).

The parties dispute whether the three records in the SFPD's possession are relevant, admissible, and specific. Rosenthal argues the subpoenaed records are potentially relevant and admissible at trial to the extent they might constitute impeachment evidence that bears on the officers' credibility or the credibility of their policework. The subpoena is sufficiently specific as it relates to three incidents for which the SFPD has records in its control and the number of documents that would be subject to *in camera* review is likely to be relatively small. The SFPD has not explained why production of records for these three incidents alone would be overly burdensome. *See, e.g.*, *United States v. Vega*, No. CR 21-0537 FMO, 2023 WL 4983240, at *3 (C.D. Cal. May 6, 2023) (similar).

The SFPD requests that this Court review the subpoenaed records *in camera* before they are produced to Rosenthal. *See also* General Order No. 69 ("the subpoenaed party [may] move to quash or modify the subpoena or to request an *in camera* review of the records" (emphasis added)). Given the speculative nature of Rosenthal's claims of admissibility and relevance regarding these records, *in camera* review is appropriate here.

## II. CONCLUSION

The motion to quash is granted as to records not in the SFPD's possession. The motion to quash is denied as to the remaining records requested by the subpoena (those beginning with the letters "MCD"), except that those records shall be submitted to this Court for *in camera* review by December 22, 2023.

**IT IS SO ORDERED**.

Dated: December 14, 2023

_____
RICHARD SEEBORG
Chief United States District Judge