ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ALEXIS JAMES (NYBN 5603865)
KENNETH CHAMBERS (NYBN 5559885)
AJAY KRISHNAMURTHY (CABN 305533)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>  v.<br><br>BRYAN PETER ROSENTHAL,<br>    Defendant | NO. 19-CR-0217-RS<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

    Defendant Bryan Peter Rosenthal has pled guilty to Receipt and Possession of Child Pornography. The United States respectfully requests that this Court impose a 108-month sentence. Although this sentence is higher than one the Court may impose in a run-of-the-mill case involving the Receipt or Possession of Child Pornography, the evidence in this case showed that Rosenthal repeatedly attempted to meet minors for the purposes of sexual contact. This is a significant aggravating factor. Thus, a 108-month sentence is sufficient, but not greater than necessary, to meet the sentencing factors set out in 18 U.S.C. § 3553(a), including the need to provide adequate specific deterrence, promote respect for the law, and protect the public from any further crimes.

I.   **Background**

A.   *Offense Conduct*

In September 2018, Rosenthal began chatting online with "Jess." PSR, ¶ 9. "Jess" purported to be a 14-year-old girl, but was actually an undercover SFPD officer. PSR, ¶¶ 8–9. Rosenthal and "Jess" began to exchange sexually explicit messages. PSR, ¶ 10. Rosenthal acknowledged "Jess's" age:

> Is it cool that I'm 4teen?
>
> I wouldn't go any younger, but yea it's a turn on to be honest
>
> Ok
>
> We just gotta be careful
>
> Don't wanna get u in trouble
>
> Agreed. Easy for me to get a

GX 23 at BPR-000103.

Rosenthal asked for nude photographs, described sexual acts that he wanted to perform on Jess, and sent "Jess" photographs of an erect penis. PSR, ¶¶ 10–11. Rosenthal also tried to gain "Jess's" trust by offering her marijuana.



GX 23 at BPR-000080.

Finally, Rosenthal and "Jess" made plans to meet in San Francisco for the purposes of "engaging in sexual acts" with "Jess," including "oral sex in violation of California Penal Code § 287(b)(1)." Dkt. 246 (Plea Agreement) at 4. When Rosenthal reached San Francisco, he was arrested by SFPD and his phone was searched.

Rosenthal's phone showed that his communications with "Jess" were not an aberration. Instead, he had repeatedly tried to engage other minors in sexually explicit conversations. In particular, law enforcement found a conversation between Rosenthal and a 16-year-old Vacaville resident identified by the initial "B." Dkt. 246 at 4; PSR ¶ 23. Just as he had in his conversation with the undercover, Rosenthal expressly acknowledged in his conversation with "B" that he specifically sought out minors: "Hot! Although I could get in trouble, we need to be discreet." PSR ¶ 23. Rosenthal started a sexually explicit conversation with "B," sent "B" photographs of an erect penis, and asked for—and received—

nude photographs of "B." GX 42 at BPR-000674 ("Anymore revealing pics for me?").

Rosenthal's weeks-long conversation with "B" demonstrated a highly manipulative attempt to convince "B" to meet him. He repeatedly complimented her and acted as though he was her confidante:

- "You seem incredibly mature for your age or maybe I'm just immature lol." GX 42 at BPR-000890.
- "Why??? And yes you can vent to me anytime." GX 42 at BPR-000960.
- "In time you will get to make your own life and create any world you want. In the meantime I understand, shit gets frustrating,,,but you are not alone, I'm here for you." GX 42 at BPR-000960.

Moreover, just as he had with "Jess," Rosenthal offered to provide "B" with marijuana if she met up with him:



GX 42 at BPR-000885. Although "B" sent Rosenthal nude photographs of herself, she never actually met him. PSR ¶ 25.

Moreover, law enforcement found several other conversations with minors. One conversation reflected that Rosenthal offered to pay a different 16-year-old (identified by the moniker "Curly Goddess") for oral sex. PSR ¶ 24.

> 4/5/18 1:43:26 PM(UTC-7) Direction:Outgoing, Visual_Treat YoSelf
> I can give you cash
> Status: Sent
>
> 4/5/18 1:43:38 PM(UTC-7) Direction:Incoming, Curly_Goddess
> Really
> Status: Read
>
> 4/5/18 1:43:46 PM(UTC-7) Direction:Incoming, Curly_Goddess
> I've never been paid before
> Status: Read
>
> 4/5/18 1:43:55 PM(UTC-7) Direction:Incoming, Curly_Goddess
> I feel like you'd be really mean
> Status: Read
>
> 4/5/18 1:44:15 PM(UTC-7) Direction:Outgoing, Visual_Treat YoSelf
> I am very nice, would not be mean
> Status: Sent
>
> 4/5/18 1:44:39 PM(UTC-7) Direction:Incoming, Curly_Goddess
> Well how much?
> Status: Read
>
> 4/5/18 1:45:13 PM(UTC-7) Direction:Outgoing, Visual_Treat YoSelf
> 50.00
> Status: Sent
>
> 4/5/18 1:45:36 PM(UTC-7) Direction:Incoming, Curly_Goddess
> Any diseases?
> Status: Read
>
> 4/5/18 1:46:04 PM(UTC-7) Direction:Outgoing, Visual_Treat YoSelf
> No, very clean

GX 104 at BPR-001063.

Although "Curly Goddess" ultimately declined to speak with law enforcement, PSR ¶ 26, the messages seized from Rosenthal's phone reflect that "Curly Goddess" provided Rosenthal with her address and that Rosenthal actually met with her. *Id.*

B. *Relevant Procedural History*

In May 2022, the grand jury returned a four-count Second Superseding Indictment, which charged Rosenthal with two counts of Attempted Enticement of a Minor (one count related to Rosenthal's communications with "Jess" and one count related to Rosenthal's communications with "B"), as well as Receipt and Possession of Child Pornography (related to Rosenthal's receipt and possession of nude photographs of "B").

Pursuant to an agreement with the United States, Rosenthal pled guilty to Receipt and Possession of Child Pornography. The Receipt conviction carries a five-year mandatory minimum. 18 U.S.C. § 2252(a)(2), (b)(1). In the plea agreement, Rosenthal admitted to attempting to entice "Jess" and "B" (whom he believed to be minors) to engage in sexual acts. Specifically, Rosenthal agreed that he had used internet-based messaging applications to "knowingly attempt to persuade, induce, or entice 'B' to engage in sexual acts, including oral sex in violation of California Penal Code § 287(b)(1)," and that he had used internet-based messaging applications to "knowingly attempt [to] persuade or entice 'J' to engage in sexual acts, including oral sex in violation of California Penal Code § 287(b)(1)." Dkt. 246 at 3–4.

**II.   Guidelines**

The core of this case is Rosenthal's attempted enticement of minors—specifically, his attempts to meet "Jess" and "B" for the purposes of sexual contact. Although the plea agreement required Rosenthal to plead guilty to Possession and Receipt of Child Pornography, Rosenthal also admitted facts that would have supported convictions under 18 U.S.C. § 2422(b). Therefore, in the plea agreement, the parties stipulated to the application of USSG § 2G1.3(a)(3), which applies to those defendants who have violated 18 U.S.C. § 2422(b). This results in an adjusted offense level of 29 and a Guidelines range of 87 – 108 months. Dkt. 246 at 7.

Probation has disagreed with the parties' Guidelines recommendation. Probation has instead applied USSG § 2G2.1(a), which generally applies to the Production of Child Pornography. Probation's Guidelines results in an adjusted offense level of 31 and a Guidelines range of 108 – 135 months.

The United States respectfully requests that the Court apply the Guidelines agreed to by the parties. If the Court decides to apply Probation's recommended Guidelines, the United States

respectfully requests that Rosenthal be given the benefit of his bargain with the United States through an additional two-level variance that puts him at an adjusted offense level of 29 and a Guidelines range of 87 – 108 months. Such a variance is justified by Rosenthal's dated criminal history and his attempts to rehabilitate while on pretrial release. PSR ¶ 74 ("According to a letter dated September 14, 202, from Humanistic Psychological Services in Vacaville, California, the defendant successfully voluntarily completed Adult Sex Offense Specific Treatment.").

### III.     Argument

This Court should impose a 108-month sentence for each of Rosenthal's counts of conviction, to be served concurrently. This sentence—which is within the Guidelines range to which the parties have agreed—is sufficient but not greater than necessary to meet the goals set out in 18 U.S.C. § 3553(a).

"Congress repeatedly has stressed the terrible harm child pornography inflicts on its victims." *United States v. Pugh*, 515 F.3d 1179, 1197 (11th Cir. 2008). As the Supreme Court has explained, "[b]ecause the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place"; thus, "[a] child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography." *New York v. Ferber*, 458 U.S. 747 n.10 (1982) (quotation omitted)). The circumstances of this offense are even worse because Rosenthal received and possessed child pornography in the course of attempting to have sexual contact with the minor "B."

Rosenthal's communications with "Jess," "B"," and "Curly Goddess" reflect sustained and manipulative efforts to persuade minors (or people Rosenthal to believed to be minors) to engage in sexual contact. His techniques included promises to provide money and marijuana, as well as weeks-long conversations in which he provided assurances of friendship and understanding. Moreover, as the PSR sets out, Rosenthal repeatedly sought to communicate with and meet minors:

- "Girls into age-gap message me"
- "Younger girls into older guys, message me"
- "Any girls into older guys? Message me"

PSR ¶ 21. These attempts—along with the communications with "Jess," "B," and "Curly Goddess" described above show that Rosenthal had a keen interest in sexual contact with minors, and was willing

to follow through.

Given these facts, the 60-month sentence that Rosenthal seeks is simply too low. Rosenthal's conduct demonstrates that a significant sentence is required to provide adequate specific and generally deterrence, protect the public from any further crimes, and provide just punishment for Rosenthal's offenses. Thus, the United States respectfully requests that this Court impose a 108-month sentence.

DATED: October 8, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Ajay Krishnamurthy*
ALEXIS JAMES
KENNETH CHAMBERS
AJAY KRISHNAMURTHY
Assistant United States Attorneys